IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v.  § | Case Number: 3:17-CR-00103-M |
| § | |
| MARK E. GIBBS (5) § | |
| LAILA N. HIRJEE (6) § | |
| TAMMIE L. LITTLE (12), § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion for Judgment of Acquittal filed by Mark E. Gibbs (Dkt. 1122), the Motion for Judgment of Acquittal and Motion for New Trial filed by Laila N. Hirjee (Dkt. 1124), the Motion to Set Aside Verdict or Judgment of Acquittal filed by Tammie L. Little (Dkt. 1121), and the Motion for New Trial filed by Tammie Little and Mark Gibbs (Dkt. 1123).  For the following reasons, the Motions are **DENIED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On May 24, 2021, a jury convicted Defendant Mark E. Gibbs of Counts One, Five, Six, and Fifteen, Defendant Laila N. Hirjee of Counts One, Eight, Nine, Ten, and Fourteen, and Defendant Tammie L. Little of Counts One, Two, Three, and Four of the Superseding Indictment (Dkt. 1085).  Count One charged Gibbs, Hirjee, and Little (collectively, "Defendants") with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347, 1349.  Counts Two through Seven charged Defendants with substantive health care fraud under 18 U.S.C. § 1347 and 18 U.S.C. § 2.  Count Fourteen charged Hirjee with unlawful distribution of a controlled substance under 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  Count Fifteen charged Gibbs with conspiracy to obstruct justice under 18 U.S.C. §§ 371, 1505.  At trial, Defendants

moved for acquittal pursuant to Federal Rule of Criminal Procedure 29(a), which the Court denied. Following trial, Defendants moved for judgment of acquittal under Federal Rule of Criminal Procedure 29(c)(2), which the Court again denied. Defendants now move for judgment of acquittal and, in the alternative, for new trials under Federal Rule of Criminal Procedure 33.

## II.     MOTION FOR ACQUITTAL

Rule 29 requires the Court to grant a judgment of acquittal despite a guilty verdict where there is insufficient evidence to sustain a conviction. Fed. R. Crim. P. 29. Evidence to support a conviction is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014). A court must give great deference to the jury's verdict, reviewing evidence "in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury." *United States v. Moparty*, 11 F.4th 280, 296 (5th Cir. 2021) (quoting *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017)) (internal quotation marks omitted). The jury retains the sole authority to weigh any conflicting evidence and evaluate witness credibility. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). The Court does not determine whether the verdict was correct, but rather, "whether the jury's decision was rational." *United States v. Martinez*, 921 F.3d 452, 466 (5th Cir. 2019). A verdict based on "mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference" is not considered rational. *United States v. Pettigrew*, 77 F.3d 1500, 1521 (5th Cir. 1996).

Defendants move for judgment of acquittal on all counts, arguing that the evidence presented at trial was insufficient to sustain each defendant's respective convictions. *See* Dkts. 1122, 1121, 1124. The Court has reviewed Defendants' motions, as well as the testimony and exhibits presented before the jury, and concludes that the evidence presented at trial, viewed in

the light most favorable to the Government, was sufficient to support the jury's verdict as to the counts against all Defendants for health care fraud and conspiracy to commit fraud, the count against Hirjee for unlawful distribution of a controlled substance, and the count against Gibbs for conspiracy to obstruct justice.

Accordingly, because the evidence presented in this case was sufficient to support the jury's verdict on all counts, Defendants' motions for judgment of acquittal are denied.

### III.   MOTION FOR A NEW TRIAL

Following the verdict, Gibbs, Hirjee, and Little each moved for a new trial under Federal Rule of Criminal Procedure 33. Rule 33 permits the district court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33; *United States v. Mahmood*, 820 F.3d 177, 190 (5th Cir. 2016). The "interest of justice," moreover, may be determined by the "trial judge's evaluation of witnesses and weighing of the evidence." *United States v. Wall*, 389 F.3d 457, 465–66. (5th Cir. 2004). Although the Court has broad discretion in ruling on a Rule 33 motion, it may not grant a new trial unless "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006). These motions are "disfavored and must be reviewed with great caution." *United States v. Eghobor*, 812 F.3d 352, 363 (5th Cir. 2015). Rule 33 divides motions for a new trial into two categories: motions based on newly discovered evidence, and motions based on "other grounds." Fed. R. Crim. P. 33; *Wall*, 389 F.3d at 466.

Defendants have all moved for a new trial based on "other grounds." First, Defendants contend a new trial is warranted because the weight of the evidence at trial is against the verdict. However, the Court has already concluded that there was sufficient evidence presented at trial to

support the jury's verdict, and accordingly, letting the verdict stand will not result in a miscarriage of justice.

Second, Defendants argue that COVID-19 protocols during jury selection resulted in a venire panel that violated the Defendants' Sixth Amendment rights. Under the Sixth Amendment, a defendant is entitled for the jury to be drawn from a "fair cross section" of the community. *Berghuis v. Smith*, 559 U.S. 314, 319 (2010). The Sixth Amendment's fair-cross-section requirement precludes the Government from excluding particular "distinctive" groups from a venire panel. *Duren v. Missouri*, 439 U.S. 357, 357 (1979). To establish a prima facie violation of the Sixth Amendment's fair-cross-section requirement, a defendant must show that (1) "the group alleged to be excluded is a 'distinctive' group in the community; (2) that the group's representation in the source from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation results from systematic exclusion of the group in the jury-selection process." *Id.* at 357. Once a defendant has shown a prima facie violation, the burden shifts to the Government to show that attaining a fair cross-section is incompatible with a significant state interest. *Id.* at 368.

Here, Defendants have not shown a prima facie violation of the Sixth Amendment because they have not shown that a distinctive group was excluded from the venire panel. Courts have generally considered immutable characteristics like race, ethnicity, and gender to define distinctive groups. *Lockhart v. McCree*, 476 U.S. 162, 175 (1986). Defendants argue that the Court excluded a group of people hewing to a particular set of political beliefs related to COVID-19; specifically, they complain that the Court used a questionnaire that asked whether a potential juror would follow guidelines promulgated by a federal agency, the Centers for Disease Control and Prevention ("CDC"), regarding the COVID-19 pandemic. *See* Dkt. 1123, at 5.

According to Defendants, the Court likely excluded prospective jurors who answered in the negative, ensuring that the jury would be composed only of individuals who were deferential toward the federal Government. *Id.*

The Court notes that Defendants reviewed the questionnaire prior to trial and did not object to questions about prospective jurors' compliance with CDC guidelines. Moreover, even assuming that the questionnaire responses impacted the venire panel's composition and that people who stated they would follow CDC guidelines would favor the Government, courts do not recognize people who merely share attitudes or tendencies as distinctive groups. *See United States v. Snarr*, 704 F.3d 368, 386 (5th Cir. 2013) (individuals who need to urinate frequently are not a distinctive group); *United States v. Simpson*, 645 F.3d 300, 312 (5th Cir. 2011) (death penalty opponents are not a distinctive group); *United States v. Fletcher*, 965 F.2d 781, 782 (9th Cir. 1992) (college students are not a distinctive group); *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985) (people who do not register to vote are not a distinctive group). Having failed to establish that the Court excluded a distinctive group, Defendants cannot make a prima facie case of a *Duren* violation. Accordingly, a new trial is not warranted.

Next, Little argues that she is entitled to a new trial because the Court should have compelled co-defendant Ali Rizvi to testify despite his invoking his Fifth Amendment right against self-incrimination. According to Little, Rizvi waived his right against self-incrimination in his plea agreement, and the Court should have compelled him to provide testimony that Little argues would have been material to her defense.

The Court did not improperly permit Rizvi to invoke his Fifth Amendment privilege. A trial court has "broad discretion in evaluating a witness's claim of privilege under the Fifth Amendment." *United States v. Ramos*, 537 F.3d 439, 448 (5th Cir. 2008). The privilege protects

"any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 445 (1972). A trial court must inquire into the legitimacy of a witness's fear of self-incrimination. *United States v. Mares*, 402 F.3d 511, 514 (5th Cir. 2005).

In his April 8, 2021, plea agreement, Rizvi did not broadly waive his Fifth Amendment right; instead, Rizvi's waiver of his right against compelled self-incrimination in the plea agreement is limited to the sole charge to which he pleaded guilty. *See* Dkt. 962, at 1. Specifically, Rizvi agreed he would "give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction," and, in exchange, the Government agreed it would "not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty." *Id.* at 4. During trial, the Court reviewed Rizvi's plea agreement and concluded that it did not free Rizvi of potential exposure to additional criminal liability.

Rizvi's counsel advised the Court that he would invoke his Fifth Amendment right not to testify were he called as a witness during trial. At the time, Rizvi had yet to be sentenced. An "impending sentencing" supplies sufficient grounds for a "legitimate fear of incurring additional criminal liability from testifying, in which case the [Fifth Amendment] privilege should remain in effect." *United States v. Hernandez*, 962 F.2d 1152, 1161 (5th Cir. 1992). Rizvi pleaded guilty to a less serious offense than what was charged in the Superseding Indictment, and accordingly, his fear of criminal liability was credible because he arguably risked admitting to additional, more serious criminal conduct if he testified, which would have been considered in his sentencing. Accordingly, the Court did not abuse its discretion when it evaluated Rizvi's reasonable fear of self-incrimination and permitted him to invoke his Fifth Amendment right.

Finally, Hirjee moves individually for a new trial on two grounds, namely that being tried with Gibbs created undue prejudice, and that the cumulative effect of all errors necessitates a new trial. As an initial matter, Hirjee's objection to a joint trial with Gibbs is untimely; she moved only to sever Count Fifteen, charging Gibbs with obstruction of justice, and did not move to sever the conspiracy or substantive health care fraud counts. Dkt. 917. Moreover, even if Hirjee had timely objected, she does not show she suffered any prejudice from being tried with Gibbs and Little. In addition, the Court included in its jury charge an instruction to consider the Defendants separately and individually. Dkt. 1086, at 12. The Fifth Circuit has held that an instruction such as the one given here cures potential prejudice arising under Rule 14. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Given that none of the above grounds constituted error, there was no aggregation of error that mandates a new trial based on a cumulative effect. None of the complaints identified in Hirjee's request for a new trial rise to the level of threatening the trial's "fundamental fairness." *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004).

## IV. CONCLUSION

Because there was sufficient evidence to support the jury's verdict, and because a judgment on the verdict will not result in a miscarriage of justice, the motions for acquittal and for new trials filed by Gibbs, Hirjee, and Little are **DENIED**.

**SO ORDERED**.

November 30, 2021.

BARBARA M. G. LYNN
CHIEF JUDGE